# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 12-3073                                         September Term, 2012

1:00-CR-00159-RCL-1

Derrek E. Arrington
    Appellant

v.

United States of America,
    Appellee

RECEIVED Mail Room
NOV 26 2012
United States Court of Appeals
District of Columbia Circuit

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED NOV 26 2012
CLERK

## Appellant Brief and Appendix

### Background

Pro'Se Appellant,
    Respectfully submitts the following, Appellant Derrek E. Arrington was convicted by jury on the indictment of using a dangerous weapon, an automobile to forcibly assault, resist, oppose, impede, intimidate, or interfere with three United States Park Police Officers. In violation of 18 U.S.C 111(a) and 111(b). Appellant was also convicted of unlawfully possessing a firearm, as a convicted felon, in violation of 18 U.S.C 922(g) and 18 U.S.C 924(a)(2). On May 18, 2001,
    Appellant was sentenced in front of Judge James Robertson in the District Court for the District of Columbia. Appellant Arrington recieved a sentence of Two hundred and forty months (20 yrs.) and Three (3 yrs) years Supervise Release on each count to be served consecutively, for a total of Six (6) years. See Judgment and Commital. Arrington's sentence was orally pronounced and written in the Judgment and Commital Order, also the sentencing transcript pg. 18-19.

ARRINGTON, appealed his conviction, which were affirmed by THE UNITED STATES COURT of Appeals, UNITED STATES v. Arrington, 309 F.3d 40 (D.C. Cir 2002).

Arrington, timely filed his 28 U.S.C 2255 Motion, ON December 10, 2003. Arrington informed the Courts, that his Sentence was imposed illegally, in violation of Apprendi. Appellant, has a statutory maximum of Ten (10) years for 18 U.S.C 111(a) and 111(b), 18 U.S.C 924(a)(2) and 18 U.S.C 922(g) Statutory Maximum Ten (10 yrs.) THE DISTRICT COURT, never said Count (1) 18 U.S.C 111(a) and (b), were to be ran consecutive, to Count (4) 18 U.S.C 924(a)(2) and 922(g). The District Court, only imposed consecutive Sentence as to the implementation of Supervise Release, each count Three (3 yrs) to be imposed Consecutively. STATUTE 18 U.S.C 3624(e) is to be imposed concurrently! Supervise Release is also apart of Appellants Sentence, yet Petitioners 28 U.S.C 2255 was denied on April 26, 2007, eventhough Arrington asked the DISTRICT COURT to address his illegal Sentence. THE DISTRICT COURT "STATED" that Arrington's Sentence was imposed lawfully, because 18 U.S.C 111(b) at the time of sentencing, had a statutory maximum of Twenty years (20 yrs.) See Appendix Memorandum Order Denial of Rule 59(e) motion. Arrington also informed the Court that his Counsel during Sentencing and on Direct Appeal were ineffective, because neither mention how Petitioners, Sentence or Supervise release, were imposed and implemented. See docket #110 denial of 28 U.S.C 2255, Arrington maintains that he's not versed in the law, and was truly confused as to how the DISTRICT COURT, continued to rule unfavorably, albeit Arrington has made a prima facie showing in all his filings, only to have them denied!

(2)

Appellant Arrington is not a lawyer and doesn't profess to have the legal expertise, but it's clear that the District Judge made an egregious error, and even after it was brought to his attention, he kept both, the sentence as well as the Supervise release in place. See UNITED STATES of America v. TALIB D. WATSON 476 F.3d 1020; 375 U.S. App. DC. 87 2007.

Arrington, has done everything in a timely manner, yet all his filings in every proceeding are denied, although the U.S. Attorney's office has said that Arrington's 240 month (20 yrs) Concurrent Sentence, was orally pronounced, along with (3 yrs) Supervise Release to be ran consecutively as to each count.

Even a Concurrent (20 yrs) sentence as to both counts is illegal according to the Statutory Maximum of (10 yrs).

Arrington, had to write a letter, on his behalf to the Chief of Probation, notifying that office, of the illegally imposed Supervise Release. Only after that office sent a memo, to the District Court was the error, ever acknowledged! This is a Travesty and a Miscarriage of Justice. I won't belabor this Honorable Court any further, I can only pray that justice will shine her light, and open the doors that have been closed unjustly.

(3)

## Conclusion

Appellant, is left to his own inadequate means to endeavor, without the assistance of Counsel. Arrington pray's that his plea will not fall on deaf ears, and his quest for justice will finally come. Haines v. Kerner 404 U.S. 419 (1972)

Date November 15th, 2012

# Certificate of Service

I hereby Certify that on this 15th day of November, 2012 ~~the~~ Two (2) copies of The foregoing Petitioners Appellant Brief and Appendix was sent by first class mail to: THE UNITED STATES COURT of Appeals For THE DISTRICT of Columbia Circuit 333 Constitution Ave N.W. Washington D.C. 20001

x *Derek E. Arrington*
Derrek E. Arrington
Reg No. 23388-016
United States Penitentiary
Allenwood
P.O. Box 3000
White Deer, PA 17887

# Appendix

1.) Memorandum Order – Denial of 59(e) Rule 15(C)
   December 10, 2007

2.) Memorandum Order – Denying Certificate of Appealability
   March 6, 2008

3.) Order – Denying Motion to Correct Illegal Sentence and Supervise release June 26, 2009

4.) Letter from Attorney Neil Jaffee
   November 29, 2001

5.) Letter from the Chief, Special Proceedings Division
   October 12, 2011

6.) United States of America v. Talib D. Watson
   476 F.3d 1020; 375

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DERREK E. ARRINGTON, :
:
      Petitioner, : Crim. Action No. 00-0159 (JR)
v. :
:
UNITED STATES OF AMERICA, :
:
      Respondent. :

### MEMORANDUM ORDER

Mr. Arrington's petition for post-conviction relief under 28 U.S.C. § 2255 was denied by memorandum and order dated April 26, 2007. Now before the Court is his motion to alter or amend that judgment pursuant to Rule 59(e) and alternatively to amend his § 2255 claim under the provisions of Rule 15(c).

Assuming for the sake of argument that Arrington's Rule 59(e) motion is timely, even though it was filed long after ten days following the entry of the judgment he seeks to amend (Arrington is incarcerated and may not have received notice of the judgment for some time after its entry), the motion must be denied on the merits. Its fundamental premise is that his 20-year sentence added together two 10-year maximums, one for violating 18 U.S.C. § 111(b) and another for violating 18 U.S.C. § 922(g). In fact, the statutory maximum penalty for violation of 18 U.S.C. § 111(b) is <u>20 years</u> for an act that "use[s] a deadly or dangerous weapon or inflicts bodily injury" -- which is this case. That simple correction of what appears to be the

major premise of Arrington's motion defeats all of his arguments, because his sentence did not exceed the statutory maximum for that <u>one offense</u>.

Petitioner's motion to compel a ruling [13] on his motion, is **granted**, but the ruling is that his motion to alter or amend [112] is **denied**.

_____
JAMES ROBERTSON
United States District Judge

FILED
MAR 0 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK E. ARRINGTON,    :
      Petitioner,    :
          :
v.    :    Crim. Action No. 00-0159 (JR)
          :
UNITED STATES OF AMERICA,    :
      Respondent.    :

**MEMORANDUM ORDER**

Derrek Arrington's request for a certificate of appealability provides an opportunity to correct a clear but, I believe, harmless error in my previous ruling in his case. My order of December 7, 2007, states that "the statutory maximum penalty for violation of 18 U.S.C. § 111(b) is <u>20 years</u> for an act that "use[s] a deadly or dangerous weapon or inflicts bodily injury." That statement, accurate when it was made on December 7, 2007, is inaccurate when applied to Arrington's offense, which was committed in 2000. In that year the maximum sentence for a violation under 18 U.S.C. § 111(b) was indeed 10 years, as Arrington has been arguing, and it remained so until doubled by the Federal Judiciary Protection Act of 2002, Pub. L. No. 107-273, 116 Stat. 1758.

Yet Arrington's 240-month sentence was based on conviction for two separate offenses, and his argument that it was unlawful to sentence him to consecutive maximum terms on these separate counts is flawed. Arrington's sentence was in

fact driven by the Sentencing Guidelines. His Guidelines range worked out to 210-262 months based on an offense level of 32 and a criminal history category of VI. The 240-month sentence imposed was at the midpoint of that range and was, as the Statement of Reasons notes, the statutory maximum for consecutive sentences under the two offenses of which Arrington was convicted. See 18 U.S.C. § 111(b) (2000) (10-year maximum at the time of conviction); 18 U.S.C. § 922(g), 924(a)(2) (2000) (10-year maximum at the time of conviction). Arrington complains [112 at 3] that I made no "finding" that the statutory maximum was ten years for each count of conviction and that I did not say I was imposing consecutive sentences. I believe that no such finding and explanation were necessary, but the docket entry for Arrington's sentence does say that the sentence was for two counts, counts 1 and 4, and that the sentence was "240 months incarceration to run consecutively."

Turning now to Arrington's petition for a certificate of appealability: 42 U.S.C. § 2253(c)(2) allows such a certificate to issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has not made such a showing.

Petitioner's first assignment of error is that his trial counsel rendered ineffective assistance when he failed to request an instruction on a lesser included offense. In ruling on the § 2255 petition, I determined that it was unlikely that

petitioner would have even been entitled to such an instruction if requested because his defense at trial was wholly exculpatory. In any event, the decision whether to ask for an instruction on a lesser included offense is a matter of trial strategy on which highly competent lawyers could disagree. Declining to pursue such an instruction was consistent with petitioner's trial strategy and he has made no "substantial showing" that his constitutional right to adequate representation was denied when his counsel made that decision.

      Petitioner's second assignment of error is the argument discussed above regarding the length of his sentence. As noted, Arrington was convicted of two offenses at trial, each of which carried ten-year statutory maximums when he committed them in 2000. Section 5G1.2(d) of the Sentencing Guidelines provided then, as it provides now, that

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

The consecutive sentencing of which Arrington now complains was thus both authorized and directed by the Guidelines. It was not an upward departure. It was not challenged on direct appeal.

Arrington has made no showing of any violation of his constitutional rights. His request for a certificate of appealability [118] is **DENIED**.

_____
JAMES ROBERTSON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERREK E. ARRINGTON,          :
                              :
        Petitioner,           :
                              :   Crim. Action No. 00-0159 (JR)
    v.                        :
                              :
UNITED STATES OF AMERICA,     :            **FILED**
                              :
        Respondent.           :           JUN 2 6 2009
                              
                              NANCY MAYER WHITTINGTON, CLERK
                                   U.S. DISTRICT COURT

### ORDER

Leave is granted to file Derreck Arrington's latest motion, to "correct illegal sentence & supervised release pursuant to 18 U.S.C. § 3584(a) & 18 U.S.C. § 3624(e)," notwithstanding that his case is closed. The motion makes the same point that was addressed in my memorandum order filed 3/6/08 [dkt # 119], however. It is **denied** for the reasons set forth in that memorandum.

_____
JAMES ROBERTSON
United States District Judge

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

**PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION**

November 29, 2001

Mr. Derrek Arrington
Reg. No. 23388-016
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

    Re:    United States v. Derrek Arrington
               No. 01-3059

Dear Mr. Arrington:

This letter is to advise you that I have filed in the court of appeals a motion to revise the briefing schedule based upon our recent receipt of the transcript of the trial proceedings held on September 18, 2000, and our determination that an additional transcript is necessary for use on appeal (the basis for the request for a revised briefing schedule is set forth more fully in the enclosed copy of the motion that we filed on this date).

In response to the question you raised concerning your term of supervised release, I have enclosed a copy of the D.C. Circuit's opinion in United States v. Jamison, 934 F. 2d 371 (D.C. Cir. 1991), which holds that a term of imprisonment and of supervised release, added together, may exceed the maximum prison term allowed by statute. The Jamison decision is controlling in our circuit and our research indicates that the circuits are not divided on this issue.

We sent all of the transcripts to you about a week ago and I hope that you have received them by now. If not, please contact me. In response to your question concerning the verdict form, the jury returned a general verdict (a copy of the verdict form is enclosed). However, the verdict form indicated that the charge in Count One was assault with a dangerous weapon. Also, the court instructed the jury that use of a dangerous weapon to commit the assault was an essential element of the offense. Therefore, the jury instructions combined with the verdict form establish that by returning a guilty verdict, the jury made the necessary factual findings to support an enhanced sentence under §111(b), in compliance with the rule in Apprendi. I am not aware of any cases that require a special verdict form under these circumstances (a special verdict form could be required under Apprendi where the jury must make particular findings as to drug quantity). Having said this, we are reviewing the jury instruction on the assault charge for other possible errors.

When I have completed my review of all of the transcripts (including the additional transcript that is outstanding), I will advise you of the issues that we intend to raise on appeal. If you have any questions before you hear back from me, please do not hesitate to contact me.

Sincerely yours,

Neil H. Jaffee
Asst. Federal Public Defender

Enclosures



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 12, 2011

Chief Judge Royce C. Lamberth
United States District Court for
 the District of Columbia
333 Constitution Avenue, N.W.
Room 2010 (Bryant)
Washington, D.C. 20001

    Re: Derrek Arrington, Crim. No.00-159-01

Dear Chief Judge Lamberth:

    On October 5, 2011, your chambers faxed a memorandum from the U.S. Probation Office in the above-captioned case, in which the Probation Office noted that the defendant had received consecutive terms of three years' supervised release on the two counts for which he was convicted. We have reviewed the memorandum, and the relevant case law, and agree with Probation that the terms of supervised release cannot run consecutively. See, e.g., 18 U.S.C. § 3624(e); United States v. Danser, 270 F.3d 451, 454 (7th Cir. 2001) ("Like our sister circuits who have dealt with this issue, we find that Section 3624(e) and the Sentencing Guidelines do no permit sentencing courts to impose consecutive terms of supervised release.") (citations omitted).

    Accordingly, we do not oppose vacating the current terms of supervised release and running the terms concurrently, rather than consecutively, nunc pro tunc to May 18, 2011, the date on which this Court imposed sentence in this case.

                                        Sincerely,

                                        Robert D. Okun
                                        Chief, Special Proceedings Division

cc:    Kathie J. McGill
       Senior U.S. Probation Officer
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001

       Derrek E. Arrington
       Reg. No. 23386-016
       P.O. Box 5300
       FCI Victorville Medium I
       Adelanto, CA 92301