**ORAL ARGUMENT NOT YET SCHEDULED**
_____
**No. 12-3073**

IN THE UNITED STATES COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT
_____

# UNITED STATES OF AMERICA,

Appellee,

**v.**

# DERREK ARRINGTON,

Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

**BRIEF OF AMICUS CURIAE
IN SUPPORT OF APPELLANT**
_____

*Amicus Curiae* for Appellant,
Erica Hashimoto
Associate Professor

Ben Thorpe and Dennis Vann
Third Year Law Students

Appellate Litigation Clinic
University of Georgia School of Law
Herty Drive
Athens, GA  30602-6012
(706) 542-5098

<u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

**(A) Parties and Amici**

<u>Appellant</u>: Derrek Arrington

<u>Appellees</u>: United States of America

<u>Amici</u>: Erica Hashimoto with the University of Georgia School of Law was

appointed by this Court and did not appear below.  She was assisted by third

year law students in the University of Georgia's Appellate Litigation Clinic,

Ben Thorpe and Dennis Vann.

**(B) Rulings Under Review**

Mr. Arrington appeals the July 26, 2012 denial of Mr. Arrington's motions

for sentencing relief by Honorable Chief Judge Royce Lamberth. JA 67. This

decision is unreported.

**(C) Related Cases**

There are no related cases.

# TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................... i

**TABLE OF AUTHORITIES**........................................................... iii

**GLOSSARY** ................................................................................. vii

**JURISDICTIONAL STATEMENT** ................................................ 1

**STATUTES AND RULES** ............................................................... 1

**STANDARD OF REVIEW** ............................................................... 1

**STATEMENT OF THE ISSUES** ..................................................... 2

**STATEMENT OF THE CASE** ......................................................... 3

**SUMMARY OF THE ARGUMENT** .............................................. 10

**ARGUMENT** ................................................................................. 12

   **I. Mr. Arrington's Sentence Is Illegal**.......................................... 12

     *A. Mr. Arrington's Imprisonment Sentence Is an Illegally Imposed General Sentence that Either Imposes a Single Sentence Above the Statutory Maximum on Mr. Arrington or Imposes Consecutive Sentences With No Affirmative Statement by the Trial Court* ........................................................ 12

      1. The Imprisonment Sentence Constitutes an Unlawful General Sentence 13

      2. The Imprisonment Term Was Unlawful Either Because It Exceeded the Statutory Maximum or Because the District Court Never Ordered It to Run Consecutively .......................................................... 17

     *B. Mr. Arrington's Consecutive Terms of Supervised Release Violate Federal Law* .......................................................................... 22

   **II. The Court Should Find that Mr. Arrington's Erroneous Consecutive Supervised Release Terms Can Be Corrected Under Federal Rule of Criminal Procedure 36**.......................................... 24

   **III. This Court Should Exercise Its Authority Under 28 U.S.C. § 2106 to Correct Mr. Arrington's Illegal Sentence** ....................................... 28

*A. Section 2106, Broad in its Construction and Common Use, Grants Substantial Authority to This Court to Fashion a Remedy* ............................ 29

*B. Exercise of Section 2106 Authority Is Appropriate in This Case* ............... 32

1. The Court Should Correct the Error in Mr. Arrington's Term of Imprisonment ........................................................................................... 33

2. The Court Should Correct Mr. Arrington's Illegal Supervised Release Terms ...................................................................................................... 35

*C. This Court Has the Authority to Adjust the Terms of Mr. Arrington's Sentence or, In the Alternative, To Remand to the District Court With Instructions to Do So* ...................................................................................... 37

**CONCLUSION** ............................................................................................... 38

## TABLE OF AUTHORITIES

**Cases**

*Arrington v. Bledsoe*, 497 F. Appx. 176 (3d Cir. 2012)........................................... 9

*Arrington v. United States*, No. 00-159(JR), 2007 WL 1238740 (D.D.C. Apr. 26, 2007) ................................................................................................................. 5

*Austin v. United States*, 382 F.2d 129 (D.C. Cir. 1967) ....................................... 30

*Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141(1978).................................... 29

*Cephus v. United States*, 352 F.2d 663 (D.C. Cir. 1965) ..................................... 38

*Coleman v. United States*, 357 F.2d 563 (D.C. Cir. 1965)................................... 32

*Felder v. United States*, 543 F.2d 657 (9th Cir. 1976)......................................... 37

*Goland v. Central Intelligence Agency*, 607 F.2d 339 (D.C. Cir. 1978) .............. 30

*Gray v. Lucas*, 677 F.2d 1086 (5th Cir. 1982)..................................................... 37

*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988) ........................................ 1

*Jones v. Joslin*, 635 F.3d 673 (5th Cir. 2011). ................................................18–20

*Kosty v. Lewis*, 319 F.2d 744 (D.C. Cir. 1963)..................................................... 37

*Morgan v. Garris*, 307 F.2d 179 (D.C. Cir. 1962)............................................... 30

*\*Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239 (D.C. Cir. 1991) ..............31, 32

*Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715 (1969) ........................ 31

*United States v. Alvarado*, 201 F.3d 379 (5th Cir. 2000).................................... 22

*United States v. Andrews*, 681 F.3d 509 (3d Cir. 2012)...................................... 16

*United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002) .................................... 4

*United States v. Bailey,* 76 F.3d 320 (10th Cir.1996) ......................................... 22

*United States v. Barnes*, 295 F.3d 1354 (D.C. Cir. 2002 ...................................... 1

*United States v. Bell*, 905 F.2d 458 (D.C. Cir. 1990)........................................... 25

*United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005) ........................................ 27

*United States v. Brisbane*, 367 F.3d 910 (D.C. Cir. 2004) ................................... 29

*\*United States v. Burd*, 86 F.3d 285 (2d Cir. 1996) ................................. 27, 33–35

*United States v. Burroughs*, 613 F.3d 233 (D.C. Cir. 2010) ............................... 36

*United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012) ................................... 20

*United States v. Danser*, 270 F.3d 451 (7th Cir. 2001) ...................................... 22

*United States v. Frontero*, 452 F.2d 406 (5th Cir. 1971) ................................... 33

*United States v. Gullickson*, 982 F.2d 1231 (8th Cir. 1993) .............................. 23

*United States v. Hatcher*, 323 F.3d 666 (8th Cir. 2003) ..................................... 27

*United States v. Hermoso*, 484 F. App'x 970 (5th Cir. 2012) ............................. 37

*\*United States v. Holland*, 117 F.3d 589 (D.C. Cir. 1997) ............................ 24, 25

*United States v. Jamison*, 934 F.2d 371 (D.C. Cir. 1991) .................................. 36

*United States v. Jordan*, 895 F.2d 512 (9th Cir. 1989) ...................................... 31

*United States v. Kennedy*, 682 F.3d 244 (3d Cir. 2012) ..................................... 38

*United States v. Koch*, 491 F.3d 929, 932 (8th Cir. 2007) ................................. 27

*United States v. Lewis*, 626 F.2d 940 (D.C. Cir. 1980) ...................................... 26

*United States v. Mack*, 466 F.2d 333 (D.C. Cir 1972) .................................. 14, 15

*United States v. MacKay*, 715 F.3d 807 (10th Cir. 2013) .................................. 16

*United States v. Martinez*, 606 F.3d 1303 (11th Cir. 2010) ............................... 31

*United States v. Maude*, 481 F.2d 1062 (D.C. Cir. 1973) .................................. 15

*United States v. Melton*, 491 F.2d 45 (D.C. Cir. 1973) ...................................... 36

*United States v. Minor*, 846 F.2d 1184 (9th Cir. 1988) ...................................... 34

*United States v. Pease*, 331 F.3d 809 (11th Cir. 2003) ...................................... 28

*United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004) ................................... 2

*United States v. Rhodes*, 106 F.3d 429 (D.C. Cir. 1997) ................................... 29

*United States v. Robinson*, 158 F.3d 1291 (D.C. Cir. 1998) ................................. 1

*United States v. Rodriguez*, 676 F.3d 183 (D.C. Cir. 2012) .................................... 1

*\*United States v. Straite*, 425 F.2d 594 (D.C. Cir. 1970).................................14, 16

*United States v. Ward*, 626 F.3d 179 (3d Cir. 2010)........................................15, 16

*United States v. Watson*, 476 F.3d 1020 (D.C. Cir. 2007) ...................................... 1

*United States v. Weathers*, 631 F.3d 560 (D.C. Cir. 2011) .............................19, 20

*United States v. Williams*, No. 90-3221, 1995 WL 309988 (D.C. Cir. May 16, 1995) ..................................................................................................... 36

*United States v. Woodard*, 938 F.2d 1255 (11th Cir. 1991)............................14, 15

## Statutes

18 U.S.C. § 111 ............................................................... 4, 5, 6, 12, 14, 17, 18, 21

18 U.S.C. § 3231.................................................................................................... 1

18 U.S.C. § 3583....................................................................................................7, 8

*18 U.S.C. § 3584....................................................................................... 12, 17–20

18 U.S.C. § 3742.................................................................................................1, 38

18 U.S.C. § 922 .................................................................................................. 17

18 U.S.C. § 924 ...........................................................................4, 12, 14, 21

28 U.S.C. § 1291.................................................................................................... 1

*28 U.S.C. § 2106........................................................................... 1, 2, 11, 28–38

28 U.S.C. § 2255.................................................................................................5, 7–9

*U.S.S.G. § 5G1.2 ................................................................................. 15, 16, 21

## Other Authorities

OXFORD ENGLISH REF. DICTIONARY (2d ed. 2002). ............................................. 24

## Rules

Fed. R. App. P. 28................................................................................................. 1

Fed. R. App. P. 4.................................................................................................. 1

Fed. R. Civ. P. 60 .................................................................................................. 32

Fed. R. Crim. P. 35 ............................................................................... 7, 24, 31, 34

*Fed. R. Crim. P. 36 ......................................................... 2, 7, 8, 11, 24, 26, 28, 39

 

      * Authorities upon which we chiefly rely are marked with asterisks.

# GLOSSARY

JA: Joint Appendix

Sentencing Guidelines: United States Sentencing Guidelines

SSA: Sealed Supplemental Appendix to the Joint Appendix

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231.  The Order of the district court denying Mr. Arrington relief was entered on the docket on August 1, 2012.  JA 91.  On August 14, 2012, Mr. Arrington timely filed his notice of appeal from the district court's order denying motions for relief.[1]  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, 18 U.S.C. § 3742(a), and 28 U.S.C. § 2106.

## STATUTES AND RULES

In accordance with Federal Rule of Appellate Procedure 28(f) and D.C. Circuit Rule 28(a)(5), pertinent statutes and rules are set forth in the Addendum to this brief.

## STANDARD OF REVIEW

The district court's ruling involved solely questions of law, so this Court's review is de novo. *United States v. Barnes*, 295 F.3d 1354, 1358 (D.C. Cir. 2002); *United States v. Rodriguez*, 676 F.3d 183, 192 (D.C. Cir. 2012) (citations omitted). This court reviews issues of law related to sentencing de novo. *United States v. Watson*, 476 F.3d 1020, 1023 (D.C. Cir. 2007) (citation omitted); *United States v. Robinson*, 158 F.3d 1291, 1293 (D.C. Cir. 1998). Challenges to the district court's

---

[1] Mr. Arrington's notice of appeal was received by the Clerk's Office on August 20, 2012, but written and mailed on August 14, 2012.  JA 93.  This satisfies the timing requirements of the Federal Rules of Appellate Procedure. Fed. R. App. P. 4(c)(1); *see Houston v. Lack*, 487 U.S. 266, 275–76, 108 S. Ct. 2379, 2384–85 (1988).

application of Rule 36 also are reviewed de novo. *See United States v. Portillo*, 363
F.3d 1161, 1164 (11th Cir. 2004).

## STATEMENT OF THE ISSUES

I.      Whether the district court illegally sentenced Mr. Arrington when it imposed
an undefined general sentence of twenty years' imprisonment and two
consecutive three-year terms of supervised release.

II.     Whether the district court erred in holding that it lacked authority under Rule
36 to amend Mr. Arrington's illegal consecutive terms of supervised release
where the district court clearly deviated from mandatory sentencing laws
without explanation and where the minor error can be easily be amended to
conform to federal law.

III.    Whether the appellate court has authority under 28 U.S.C. § 2106 to rectify a
term of imprisonment imposed as an undefined general sentence and
consecutive terms of supervised release where they violate federal law and
significantly prejudice Mr. Arrington.

PUBLIC COPY—SEALED MATERIAL DELETED

## STATEMENT OF THE CASE

Mr. Derrek Arrington, currently imprisoned at the United States Penitentiary-Canaan, seeks correction of his sentence of imprisonment and supervised release.  Mr. Arrington was sentenced to 240 months imprisonment and two consecutive three-year terms of supervised release.  JA 20–21, 56–57.  This appeal is before the Court upon review of the district court's dismissal of several post-conviction motions claiming that the district court illegally sentenced Mr. Arrington.  A brief explanation of Mr. Arrington's sentencing and his unsuccessful attempts at obtaining post-conviction relief from his illegal sentence is necessary before turning to these motions.

Mr. Arrington was convicted in early 2001 of assaulting and resisting a federal officer and unlawful possession of a firearm by a convicted felon.[2]

Second, the court held that the two-level adjustment for obstruction of justice was not proven by a preponderance of the evidence, and it therefore refused to impose that enhancement.  JA 43–44.  After making these adjustments, the district court determined that the proper offense level was 32, increasing the Sentencing Guidelines range for the sentence to 210 to 262 months.  JA 45–46.

---

[2] Mr. Arrington was also initially charged with attempted murder and discharging a firearm during a crime of violence.  The Government tried him three times on those charges, but each of those trials ended in a mistrial on those counts.  Those charges therefore were dismissed before the oral sentence was imposed.

3

PUBLIC COPY—SEALED MATERIAL DELETED

The court then imposed a sentence of 240 months imprisonment followed by two consecutive three-year terms of supervised release.  The court justified this sentence by noting Mr. Arrington's actions leading to the two convictions and stating: "Another motive that would be appropriate . . . is to keep a man like that off the streets as long as the law allows it."  JA 56.  The judge concluded his sentencing by stating, "Hopefully by the end of that 20 years, either guns will not be available, or you will have lost that smirk that you carry around with you."  *Id.*

The judgment noted that Mr. Arrington was convicted of two counts.  It then stated that Mr. Arrington is to be imprisoned "for a total term of two hundred forty (240) months."  JA 20.  The written judgment noted that the sentence was imposed because the "[s]tatutory maximum is 240 months."[3]  *Id*.  The written judgment also repeated that Mr. Arrington "shall be on supervised release for a term of three (3) years on each count, which shall be served consecutively to each other, for a total of six (6) years."  JA 21.

Mr. Arrington timely appealed to this Court, raising two trial-related claims.  *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).  This Court affirmed the conviction.  *Id.* at 49.  Mr. Arrington did not challenge his term of imprisonment or supervised release on direct appeal.

---

[3] The statutory maximum for each of the convictions was 10 years. *See* 18 U.S.C. § 111(a) & (b) (2000) & 18 U.S.C. § 924(a) (2000)

On December 10, 2003, Mr. Arrington filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The motion argued ineffective assistance of counsel at trial and several other claims, including a claimed violation of the *Apprendi* rule. *Arrington v. United States*, No. 00-159(JR), 2007 WL 1238740, at *2 (D.D.C. Apr. 26, 2007) . The district court denied Mr. Arrington's motion to vacate on April 26, 2007, because it found no cause for not raising these claims on direct appeal.  *Id.* at *2–*3.

On December 1, 2007, the court denied another motion by Mr. Arrington arguing that the sentence of imprisonment was illegally calculated as consecutive terms of imprisonment. JA 1.  In ruling on that motion, the district court concluded that any error was harmless because the maximum sentence for a conviction under 18 U.S.C. § 111(b) was twenty years.  *Id.* In fact, however, when Mr. Arrington was sentenced, the maximum sentence for that offense was only ten years.  *Id.*

On March 6, 2008, the district court denied Mr. Arrington's motion for a certificate of appealability on two of the claims denied in the December 2007 order.  JA 4.  The district court denied the certificate of appealability as to Mr. Arrington's claim of an improper sentence on the grounds that the sentence was within the calculated Sentencing Guidelines range and a consecutive sentence was required by the Guidelines.  JA 2–3.  It also held harmless its "clear" error in determining that Mr. Arrington's statutory maximum sentence under 18 U.S.C. §

111 was twenty years because the sentence ordered was within the Sentencing Guidelines.  JA 1.[4]

Mr. Arrington subsequently filed further motions for relief in the district court.[5]  In one motion, Mr. Arrington argued that his sentence was illegally imposed because the district court failed to state whether the terms of his imprisonment sentence ran concurrently or consecutively.  JA 5–7.  In another, Mr. Arrington sought to correct errors in the judgment.  JA 10–11.  These motions were denied by the district court on April 8, 2011, as raising issues already conclusively decided.  JA 12.

On November 21, 2011, Mr. Arrington filed a third motion asserting that (1) the district court illegally sentenced him to consecutive terms of supervised release, and (2) in the absence of clarification as to whether his terms of imprisonment were to run concurrently or consecutively, the presumption was that such terms would run concurrently.  JA 14–15.  The district court appointed counsel for Mr. Arrington, and counsel filed a Motion to Amend Judgment and Commitment Order shortly thereafter, arguing that the consecutive terms of supervised release were clearly illegal and could be amended pursuant to Federal

---

[4] Mr. Arrington filed several additional motions seeking reduction of his sentence of imprisonment after his unsuccessful motion to vacate and before the motions at issue in this case. None of these motions raised the issues being considered in this case.
[5] This appeal concerns motions filed subsequent to the reassignment of Mr. Arrington's criminal docket to Chief Judge Lamberth on December 15, 2010. JA 88.

Rule of Criminal Procedure 36, which gives the district court power to remedy "clerical errors" in the judgment.  JA 16.

Attached to counsel's motion was a memorandum of the United States Probation Office to Chief Judge Lamberth.  JA 26.  This memorandum stated that Mr. Arrington's consecutive supervised release terms were illegal and recommended that his sentence "be revised to reflect the terms of supervised release are to be served concurrently."  JA 28.  Mr. Arrington then filed another pro se motion to review his imprisonment sentence, arguing that "the district court didn't specify how each count of conviction should have been executed, thus leaving petitioner's sentence and judgment ambiguous."  JA 62.

The Government opposed these motions on procedural grounds.  JA 31. Although it agreed that terms of supervised release cannot run consecutively, the Government disagreed with the applicability of Rule 36 as a means of amending the sentence.  *Id.*  The Government also stated that no other procedural vehicle could remedy Mr. Arrington's plainly illegal sentence, providing arguments against the applicability of Rule 35, 28 U.S.C. §2255 and the writ of *coram nobis*. JA 31–37.  According to the Government, Mr. Arrington's only remedy was to serve the remainder of his imprisonment and the first year of supervised release and then seek modification of his supervised release term under 18 U.S.C. § 3583(e).  JA 37.   The Government recognized that a court hearing such a motion

under § 3583(e) cannot consider the illegality of the supervised release terms, and

it acknowledged that § 3583(e) therefore does not provide a remedy for the illegal

supervised release terms.  It nonetheless argued that § 3583(e) was the only

mechanism available to Mr. Arrington.  JA 37–38.

On July 26, 2012 the district court denied Mr. Arrington's motions for relief.

JA 67.  The trial court dismissed Mr. Arrington's pro se motions related to the

illegality of his imprisonment sentence.  JA 69 ("ORDERED that the defendant's

*pro se* motions [149] [152] [153] [154] related to his previous motion under § 2255

are DENIED.").  As to the illegal consecutive terms of supervised release, the

district court held that "[r]egardless of the merits of the defendant's legal

argument," it was "without authority to correct the defendant's sentence."  JA 68.

The district court held that amendment of a sentence under Rule 36 would only be

permitted for clerical errors, not unlawful sentencing.  *Id*.  The court further stated

that it was "unaware of any procedural vehicle" by which Mr. Arrington could

successfully challenge his sentence.  *Id*.  The district court noted the Government's

contention that relief under § 3583(e) may be sought after one year of supervised

release, but also squarely recognized that such modification would depend on the

conduct of the defendant, and not the illegality of the defendant's sentence.  *Id*.

Finally, the district court ordered that two letters, reflecting agreement

between the Government and Probation Office as to the illegality of consecutive

terms of supervised release, be filed on the public docket of this case.  JA 69.  The

Probation Office letter recommended modification of the sentence. JA 28.  The

Government's letter concurred that "terms of supervised release cannot run

consecutively" and also stated that the Government did "not oppose" modification.

JA 65.

In the meantime, Mr. Arrington filed a petition for a writ of habeas corpus in

the Middle District of Pennsylvania.  *Arrington v. Bledsoe*, 497 F. App'x. 176,

177–78 (3d Cir. 2012).  This petition claimed that the sentence was incorrectly

executed and illegal.  *Id.* at 178.  The district court in Pennsylvania dismissed this

habeas corpus petition, and the Third Circuit affirmed the dismissal.  The Third

Circuit found that there was no challenge to the execution of the sentence because

there was no error in executing the sentence "as currently calculated."  *Id.* at 179.

The Third Circuit also rejected a "savings clause" argument, holding that failure to

meet the procedural bars of § 2255 does not mean that a motion to vacate is

"inadequate or ineffective."  *Id.* at 178.

Mr. Arrington has thus far been unable to secure relief for his illegal

sentence in either the district court that sentenced him or in the jurisdictions in

which he has been imprisoned. Mr. Arrington now appeals from the district court's

denial of his motions for relief.  On June 10, 2013, this Court appointed

undersigned *amicus* to aid in the briefing of issues on appeal. The district court's

denial of his motions for relief giving rise to this appeal present this Court with the opportunity to correct the errors in Mr. Arrington's sentence.

## SUMMARY OF THE ARGUMENT

Mr. Arrington's sentence—twenty years' imprisonment followed by two consecutive three-year terms of supervised release—was illegally imposed. The twenty-year imprisonment sentence was an illegal general sentence because the district court failed to impose separate terms of imprisonment on each count. The imprisonment term, moreover, suffered from at least one other flaw, although the illegality must be framed in the alternative because the general sentence blurs the precise nature of the error. If the district court imposed the twenty-year term on one or both of the counts, then it exceeded the maximum sentence that could have been imposed on either count. In the alternative, if the court intended to impose a ten-year term on each count to run consecutively, it failed to specify that the sentences on each count are to run consecutively and the reasons for that sentence.

The consecutive supervised release terms are also illegal. The language of 18 U.S.C. § 3624(e) and the cases interpreting it leave no doubt as to that illegality, and the Government has conceded that the supervised release terms were illegally imposed. The appeal of the illegal supervised release terms therefore turns on the procedural vehicles this Court may use to remedy the sentencing court's errors.

Mr. Arrington's consecutive supervised release terms are clerical errors that

should be corrected pursuant to Federal Rule of Criminal Procedure 36. Because the sentencing court substituted a single word that made the sentence obviously erroneous and can be easily corrected by the district court, this Court should treat the sentencing court's mistaken use of the word "consecutive" as a clerical error. Accordingly, because the district court has jurisdiction to correct that error under Rule 36, this Court should reverse the district court and remand for correction of that error.

Even if the district court lacked the authority to correct the errors in Mr. Arrington's sentence, this Court has jurisdiction to correct them. Pursuant to this Court's authority under 28 U.S.C. § 2106, this Court may modify Mr. Arrington's sentence in the interests of justice. Section 2106 grants this Court the authority to correct Mr. Arrington's illegal imprisonment term as well as his plainly illegal supervised release terms. With respect to the former, persuasive authority illustrates the utility of § 2106 in addressing illegal sentences of imprisonment. With respect to the latter, § 2106 is an appropriate remedy because the parties agree as to the illegality of the consecutive supervised release terms.

This Court should exercise its authority under § 2106 to correct Mr. Arrington's sentence by correcting Mr. Arrington's terms of supervised release and by remanding to the district court with instructions to modify the illegally imposed imprisonment sentence. In the alternative, this Court should remand to the district

court for resentencing as to imprisonment and supervised release, consistent with a

holding that Mr. Arrington's sentence of imprisonment and his consecutive terms

of supervised release are illegal.

## ARGUMENT

## I.  Mr. Arrington's Sentence Is Illegal

After Mr. Arrington's conviction on two counts of the indictment, the

district court sentenced him to a twenty-year term of imprisonment followed by

two consecutive three-year terms of supervised release.  The court imposed an

illegal imprisonment sentence and consecutive supervised release terms that

violated federal law.  First, the imposition of the imprisonment sentence violated

the United States Sentencing Guidelines ("Sentencing Guidelines"), 18 U.S.C. §§

111(b) and 924(a), and 18 U.S.C. § 3584(a) because it was imposed as a general

sentence and because the district court never specified on which count the sentence

was imposed.  Second, federal law requires that supervised release terms run

concurrently rather than consecutively, as everyone involved in this case rightfully

acknowledges.

> *A.  Mr. Arrington's Imprisonment Sentence Is an Illegally Imposed General Sentence that Either Imposes a Single Sentence Above the Statutory Maximum on Mr. Arrington or Imposes Consecutive Sentences With No Affirmative Statement by the Trial Court*

Mr. Arrington's twenty-year imprisonment sentence was illegally imposed

for two reasons.  First, it is a general sentence that fails to apply a term of

imprisonment to either count.  Second, the 240-month sentence was imposed in

violation of federal law for another reason.  Because of the general sentence error,

it is somewhat unclear which of two errors—either an imprisonment sentence in

excess of the statutory maximum or unacknowledged and unexplained consecutive

terms of imprisonment–infected the proceedings.  But those are the only two

alternatives, so it is apparent that an additional error infected the sentencing.

Because of these errors, the imprisonment sentence was not lawfully imposed.[6]

> 1.  The Imprisonment Sentence Constitutes an Unlawful General
>     Sentence

The district court's sentence of twenty years' imprisonment constitutes a

general sentence that both is per se illegal and violates the Sentencing Guidelines.

The district court sentenced Mr. Arrington to a single term of 240 months

imprisonment, without specifying a sentence for either or both of Mr. Arrington's

two counts of convictions.  JA 56 ("Pursuant to the Sentencing Reform Act of

1984, it is the judgment of the court that you, Derrek Arrington, are . . . to be

imprisoned for a term of 240 months.").  A "general sentence is an undivided

sentence for more than one count that does not exceed the maximum possible

aggregate sentence for all the counts but does exceed the maximum allowable

sentence on one of the counts."  *United States v. Woodard*, 938 F.2d 1255, 1256

---

[6] This issue is preserved on appeal because Mr. Arrington challenged the legality of his
imprisonment sentence in pro se filings.  JA 14–15, 61–64.  The district court dismissed these
pro se filings with no explanation in the order currently being appealed.  JA 69.

(11th Cir. 1991). Mr. Arrington's imprisonment sentence exceeds the ten-year

maximum permitted by *each* criminal statute and thus constitutes a general

sentence. *See* 18 U.S.C. § 111(b) (2000) & 18 U.S.C. § 924(a) (2000).[7]

This Court has long held that general sentences are illegal. *See United*

*States v. Straite*, 425 F.2d 594 (D.C. Cir. 1970) (per curiam); *United States v.*

*Mack*, 466 F.2d 333 (D.C. Cir 1972) (per curiam). In *Straite*, for instance, the

Court vacated a single sentence of five to fifteen years on three counts of assault-

related offenses because it exceeded the statutory maximum for two of the three

counts, even though it fell within the statutory maximum for the third count of

conviction. *Straite*, 425 F.2d at 596. The Court explained that general sentences

are prohibited for two reasons. First, they impede "the efficient administration of

justice" by requiring the appellate court to remand a case when a conviction is

overturned since the appellate court cannot determine how much influence the

overturned conviction had on the general sentence. *Id.* Second, they "confuse[]

the defendant by disguising the essence of the court's decision on the individual

offenses committed." *Id.* Furthermore, general sentences undermine the role of a

criminal sentence as "the law's punishment for specific transgressions." *Id.*

(quoting *Benson v. United States*, 332 F.2d 288, 291 (5th Cir. 1964)). Perhaps of

most importance here, although the Court upheld *all three* of Straite's convictions,

---

[7] 18 U.S.C. § 924(a) contains the penalties for violations of 18 U.S.C. § 922(g).

it nonetheless vacated the general sentence and remanded for resentencing. *Id*. at 596.

In a later case, the Court characterized *Straite*'s holding as a "condemnation of general sentences," and it went on to explain that "[w]here general sentences are condemned, they are held to be 'illegal' . . . ." *United States v. Mack*, 466 F.2d 333, 339-340 (D.C. Cir. 1972) (concluding that general sentences are illegal and can be corrected under Rule 35 *unless* a notice of appeal has been filed). And although the Court has suggested that general sentences do not have to be vacated when the defendant has already been paroled, *see United States v. Maude*, 481 F.2d 1062, 1078–79 (D.C. Cir. 1973), Mr. Arrington is still in prison and thus still faces substantial prejudice from the undifferentiated general sentence. Mr. Arrington's general sentence therefore is illegal.

Of course, *Straite* and *Mack* were decided prior to the implementation of the Sentencing Guidelines. But since the Guidelines' promulgation, a number of courts have held that Section 5G1.2(b)—which provides that when sentencing on multiple counts of conviction, a sentence will be imposed on "each other count"— also prohibits general sentences. *See*, *e.g.*, *United States v. Woodard*, 938 F.2d 1255, 1257 (11th Cir 1991); *United States v. Ward*, 626 F.3d 179, 184–85 (3d Cir. 2010); *United States v. MacKay*, 715 F.3d 807, 846–47 (10th Cir. 2013) (remanding for district court to resentence where general sentence exceeded

statutory maximum on some counts).  This provision, the courts have held, requires

"distinct sentences on each count of conviction, not undivided general sentences

covering two or more counts."  *Woodard*, 938 F.2d at 1257; *accord Ward*, 626

F.3d at 184.  The imprisonment term imposed both in the oral sentence and in the

written judgment neither mentions the two counts of conviction nor specifies a

sentence on either count.

The Third Circuit has highlighted the problems created by a general

sentence.  "[T]he Court's error affected [defendant's] substantial rights and

resulted in manifest injustice because, as a result of the general nature of the

sentence, neither we nor [the defendant] can determine whether it was legal as to

particular counts."  *Ward*, 626 F.3d at 184.  Because of those concerns, both the

Third and Tenth Circuits have concluded that general sentences constitute plain

error justifying appellate review even when the defendant failed to raise the claim

on appeal or failed to object to the trial court's sentencing.  *United States v.*

*Andrews*, 681 F.3d 509, 532 (3d Cir. 2012) (finding general sentence to be

extraordinary circumstance comparable to plain error); *Ward*, 626 F.3d at 184

(finding general sentence to be plain error); *MacKay*, 715 F.3d at 847 (remanding

under plain error standard for district court to clarify general sentence).  Thus, the

imprisonment term imposed in this case constitutes an illegal general sentence

under either *Straite*, 425 F.2d at 596, or Sentencing Guideline § 5G1.2(b).

   2. The Imprisonment Term Was Unlawful Either Because It Exceeded
   the Statutory Maximum or Because the District Court Never Ordered
   It to Run Consecutively

   The imposition of the imprisonment term in this case violates federal law in

an additional way, but because the district court imposed a general sentence, the

scope of that error is somewhat difficult to ascertain and must be framed in the

alternative.[8]  Either the district court illegally imposed a twenty-year term on one

or both of these counts, or it imposed a ten-year term on each count and ran them

consecutively without affirmatively stating so, in violation of the presumption

stated in 18 U.S.C. § 3584(a).

   The general sentence appears to have been imposed as a single sentence of

imprisonment for one or both of the counts.  And it cannot be disputed that a

twenty-year term exceeds the statutory maximum for either of Mr. Arrington's

convictions.  The maximum imprisonment sentence for a conviction under 18

U.S.C. § 111(b) was ten years when Mr. Arrington was sentenced.  The maximum

sentence for a conviction under 18 U.S.C. § 922(g) also was ten years.  The fact

that each statutory maximum precludes imprisonment longer than ten years might

be some evidence that the district court did not impose a twenty-year sentence on

one or both of these counts.  But the district court, in denying a later motion,

erroneously asserted that the statutory maximum for a conviction under 18 U.S.C.

---

[8] As the Third Circuit said in *Ward*, this is the exact difficulty created by imposing a general
sentence. *Ward*, 626 F.3d at 184.

§ 111(b) was twenty years.  JA 1.  Because an imprisonment sentence of twenty years on either Count 1 or Count 4 plainly exceeds the statutory maximum on each count, the sentence was plainly illegal.

The only alternative to an illegal twenty-year sentence on Count 1 (or 4) is that the district court intended to impose two separate sentences of ten years' duration.  But that also would be illegal because the district court both failed to expressly state that the sentences on each count were to run consecutively and provided no reason for running the sentences consecutively.  Although judges have the *authority* to run sentences on multiple counts concurrently or consecutively, federal law *presumes* that sentences given at the same time run concurrently unless the sentencing judge orders them to run consecutively.  18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders . . . that the terms are to run consecutively.").  In addition, when the court departs from the statutory presumption of concurrent sentences, that departure must be based upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3584(b) (providing that courts "shall consider" the Section 3553(a) factors in determining whether to sentence defendant to concurrent or consecutive sentences); *Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011).

Both this Circuit and the Fifth Circuit have emphasized the strength of the presumptions established by 18 U.S.C. § 3584(a), stating that they can only be

overcome by an affirmative statement from the judge.  *See United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011); *Jones*, 635 F.3d at 674-75 (referring to both § 3584(a) presumptions as "default rule[s]").  Under the reverse presumption to the one at issue here, "multiple terms of imprisonment imposed at *different* times run consecutively unless the court orders that they are to run concurrently." 18 U.S.C. § 3584(a) (emphasis added).   Both presumptions establish a "default rule" and, according to the Fifth Circuit, § 3584(a) "place[s] the onus on the district court to specifically order when it wishes to depart from [the] default rule."  *Jones v. Joslin*, 635 F.3d at 674.

Indeed, this Court has recognized that a specific statement is required to override the default rule of concurrent sentences when, as here, a federal court sentences a defendant for multiple crimes at the same time.  In *Weathers*, the district judge sentenced the defendant to two federal sentences to run consecutively to each other and concurrently with sentences imposed for D.C. Code offenses. The district court, however, "did not mention whether the sentences on the D.C. counts were to run consecutively to each other . . . ."  *Weathers*, 631 F.3d at 561. A written judgment one week later confirmed that the sentences for the D.C. Code offenses were meant to run consecutively to each other.  *Id.*  This Court affirmed the imposition of consecutive sentences because "*the combination of the oral sentence and the written judgment* satisfied 18 U.S.C. § 3584(a)'s requirement that

the court *affirmatively order* consecutive sentences." *Id.* at 562 (emphasis added).

Here, in direct contrast to *Weathers*, the written judgment contains no elucidating

statements and thus fails to affirmatively override the default rule in § 3584(a).[9]

     The oral sentence in this case falls short of the "affirmative[] order" required

by *Weathers*. It states only that the defendant is sentenced to 240 months in prison.

JA 56. The district court failed to even *mention* the separate sentences, so it is

impossible to find any affirmative order that these sentences were to run

consecutively. *See Jones,* 635 F.3d at 674–75 (refusing to recognize intent to have

presumptively consecutive federal sentence run concurrently to state sentence

when the district court failed to mention the state prison sentence).

     Furthermore, the district court failed to cite any of the factors in 18 U.S.C. §

3553(a) as a justification for imposing consecutive sentences. *See United States v.*

*Cochrane*, 702 F.3d 334, 346-47 (6th Cir. 2012) (reversing imposition of

consecutive sentences where court failed entirely to mention factors justifying use

of discretion under § 3584(a)). Although the district court obliquely referred

during sentencing to facts that related to Section 3553(a) factors—mentioning that

one purpose of the sentence was to "keep a man like [this] off the streets as long as

the law allows it"—the court never explained how those factors led to a decision to

---

[9] The written judgment states that the sentence was imposed because the "[s]tatutory maximum
is 240 months," but nothing in the written judgment directs the sentences for charges 1 and 4 to
run consecutively. JA 25.

run the sentences consecutively. JA 56. Because the district court's statements fall far short of a direct reference to the sentencing factors justifying a departure from the statutory presumption of concurrent sentences in the present case, the sentence was erroneous.

Nor do the Sentencing Guidelines cure the problem. To be sure, Sentencing Guideline § 5G1.2(d) states that sentences on counts other than the count with the highest statutory maximum "shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." In this case, each of the convictions had a statutory maximum sentence of ten years, and the district court found that the guidelines mandated a sentence between 210 and 262 months. *See* 18 U.S.C. § 111(a) & 18 U.S.C. § 924(a); JA 56. In order to reach the minimum 210-month sentence, the Guideline appears to require the sentence for the second charge to run consecutively to the first sentence for at least 90 months. The mere existence of this Guideline does not resolve the ambiguity, however, because the judge is still required to explicitly impose consecutive sentences, and § 5G1.2(d) only requires a partially consecutive sentence in Mr. Arrington's case rather than a fully consecutive sentence. The district court had the discretion to fashion a proper sentence, but it failed to clearly state whether it intended for Mr. Arrington's sentences of imprisonment to run concurrently or consecutively.

Mr. Arrington's sentence is an illegal general sentence that fails to provide a term of imprisonment on each of the two convictions.  The sentence either imposes an imprisonment term beyond the statutory maximum for either individual conviction or it imposes consecutive terms of imprisonment with no affirmative statement or justification under § 3553.  As such, it is a plainly illegal sentence that calls for a remedy by this Court.

### B. Mr. Arrington's Consecutive Terms of Supervised Release Violate Federal Law

In addition to the illegality of the imprisonment sentence, the district court erred, as the Probation Office and Government recognized, in sentencing Mr. Arrington to two consecutive three-year terms of supervised release.  The governing statute makes that error clear, stating that "[t]he term of supervised release . . . runs concurrently with any Federal, State, or local term of probation or supervised release . . . ."  18 U.S.C. § 3624(e).  Courts considering this statutory language consistently invalidate consecutive terms because "section 3624(e) and the Sentencing Guidelines do not permit sentencing courts to impose consecutive terms of supervised release."  *United States v. Danser*, 270 F.3d 451, 454 (7th Cir. 2001) (citations omitted).  *See United States v. Alvarado*, 201 F.3d 379, 382 (5th Cir. 2000) ("Section 3624(e) prohibits the imposition of consecutive supervised release terms"); *United States v. Bailey,* 76 F.3d 320, 323–24 (10th Cir.1996) (reversing district court imposition of consecutive terms); *United States v.*

*Gullickson*, 982 F.2d 1231, 1236 (8th Cir. 1993) (holding that "the statute unambiguously states that terms of supervised release on multiple convictions are to run concurrently" and that the court was "bound to follow the plain language of the statute").

The statute and case law leave no doubt as to the illegality of the consecutive supervised release terms imposed in this case, as everyone involved in the case now recognizes.  Before the district court, the Government and the Probation Office agreed that the sentencing court illegally sentenced Arrington to consecutive supervised release terms.  JA 27, 65.  The Government, in a letter to the district court, "[did] not oppose vacating the current terms of supervised release and running the terms concurrently."  JA 65.  The Probation Office recommended that the court correct the sentence.  JA 28.  Though the district court did not ultimately pass upon the legality of the sentence in denying the motion below, Judge Lamberth tellingly ordered those statements of agreement filed on the public record.  JA 69.  And in later briefing before the district court, although the Government argued that there was no mechanism to correct the illegally imposed sentence, it again concurred with the fundamental claim: Mr. Arrington's consecutive terms of supervised release violate federal law.  JA 30.  Thus, as with the term of imprisonment itself, the consecutive supervised release terms are illegal.

23

PUBLIC COPY-SEALED
MATERIAL DELETED

## II.  The Court Should Find that Mr. Arrington's Erroneous Consecutive Supervised Release Terms Can Be Corrected Under Federal Rule of Criminal Procedure 36

The district court's erroneous imposition of consecutive terms of supervised release is a clerical error that should be corrected pursuant to Federal Rule of Criminal Procedure 36.  This error is clerical because it is a minor error that is clear from the record and can be easily remedied by changing one word.

The district court's error in this case—imposing consecutive rather than concurrent supervised release terms—is a clerical error since it is a minor error apparent on the face of the record that can be easily remedied by referring to the previously existing record.  This circuit has not formulated a definitive test for or definition of "clerical error."  *See*, *e.g.*, *United States v. Holland*, 117 F.3d 589, 595 (D.C. Cir. 1997)  (suggesting that factual error in written judgment could potentially be corrected as "clerical error" without further detail on how to determine "clerical error").

The Oxford English Reference Dictionary defines clerical error as "an error made in copying or writing out."  OXFORD ENGLISH REF. DICTIONARY 272 (2d ed. 2002).  The term also finds meaning in what it is not—the outer boundary of a "clerical error" that may be amended through Rule 36 is suggested by Federal Rule of Criminal Procedure 35(a), which provides relief for any "clear error" in the judgment.  Rule 35(a) is generally used to correct errors within a sentence that

invoke the judge's discretion.  *See United States v. Bell*, 905 F.2d 458, 460 (D.C. Cir. 1990) (affirming denial of a Rule 35(a) motion based on the judge's consideration during sentencing of the defendant's lack of cooperation with authorities).  Errors involving the judge's discretion do not qualify as clerical errors because remedying such errors often requires resentencing rather than the mere substitution of one word.

The D.C. Circuit has infrequently granted relief under Rule 36, but its uses are consistent with the standard suggested above.  In *Holland*, the written judgment erroneously stated that the conspiracy lasted four years, as alleged in the indictment, rather than three months, as stated in the defendant's plea. 117 F.3d 589, 594–95.  The Court stated that this "should be corrected by motion to the district court pursuant to [Rule 36]."  *Id.* at 595.  The error, apparent from the record because the defendant's plea demonstrated that the court used the wrong time period, could be easily corrected by looking at the record because the plea provided the correct term of the conspiracy.  Similarly, in *United States v. Lewis*, this Court found that Rule 36 could be used to amend a written judgment to run three imprisonment sentences concurrently when the written judgment omitted any mention of concurrent or consecutive sentences and the oral sentence clearly ran

PUBLIC COPY-SEALED
MATERIAL DELETED

the three sentences concurrently.  626 F.2d 940, 953 (D.C. Cir. 1980).[10]  The error

in *Lewis* was apparent due to the inconsistency between the oral sentencing tapes

and the written judgment, and this error could be amended by referring to the

judge's oral order and inserting the omitted word.

The district court's error is relatively minor, apparent from the record, and

can be easily corrected by changing one word.  First, the error in this case is minor

because it only involves the incorrect substitution of a single word—"consecutive"

for "concurrent."  Second, the error is apparent because 18 U.S.C § 3624 mandates

concurrent terms of supervised release and the district court conspicuously failed to

identify any factors supporting imposition of consecutive terms.

Also, as in *Holland* and *Lewis*, the error is apparent because the transcript of

the oral sentence and the written judgment contain statements that conflict with

other relevant parts of the record.

This conforms to *Holland* and *Lewis*, where the Court suggested that the

proper procedure under Rule 36 is to substitute a statement from one part of the

record to correct the clerical error in the judgment.

Of course, some courts have held that Rule 36 cannot be used to correct

judicial errors that alter the sentence's structure, but cases amending written

---

[10] Although *Lewis* invoked a prior version of Rule 36 and the Rule was amended in 2002 as part
of the general restyling, those amendments were only intended to be stylistic.  FED. R. CRIM. P.
36 advisory committee's notes to 2002 amendments.

judgments to include omitted forfeiture orders establish the wisdom of recognizing

that some structural errors in sentencing can be considered clerical errors.  As an

example of the first position, the Second Circuit, in *United States v. Burd*, held that

"[a] clerical error must not be one of judgment, or even of misidentification, but

merely of recitation, . . ." and it therefore overturned a district court order that

restructured a defendant's sentences to prevent the sentence from exceeding the

statutory maximum on the first charge.  86 F.3d 285, 288 (2d Cir. 1996) (internal

quotation and citation omitted).

As other circuits have correctly held, however, structural errors, specifically

preliminary forfeiture orders, can be corrected under Rule 36 when mistakenly

omitted in the final judgment.  This is so even though adding forfeiture is a clear

example of changing the structure of a criminal sentence because the preliminary

order is evidence of the court's intent, and inclusion of the preliminary order in the

written judgment is "nearly an inevitability."  *See United States v. Bennett*, 423

F.3d 271, 281–82 (3d Cir. 2005); *see also United States v. Hatcher*, 323 F.3d 666,

673 (8th Cir. 2003); *United States v. Koch*, 491 F.3d 929, 932 (8th Cir. 2007)

(stating that omission of forfeiture at time of sentencing was clerical error).  A

strict application of the *Burd* rule prevents district courts from enforcing

preliminary orders of forfeiture when they are mistakenly omitted from final

judgments, even when forfeiture is a part of the defendant's plea agreement.  *See*

*United States v. Pease*, 331 F.3d 809, 811, 815–17 (11th Cir. 2003) (reversing a district court order including forfeiture in the judgment pursuant to Rule 36). A rule permitting amendments to the sentence structure through Rule 36 therefore is justified because of the high cost of giving judges no flexibility to correct misstatements or minor errors when the error modifies the structure of a judgment.

The district court's error concerning Mr. Arrington's supervised release resulted from a clerical error in substituting the word "consecutive" for "concurrent." In similar circumstances, where the sentence error was apparent from the record and the error could be easily corrected by looking at the record, this Court has determined that Rule 36 is an available remedy. Mr. Arrington's case is a similar clerical error, the district court can use Rule 36 to correct the error in the sentence and judgment, and this Court therefore should reverse.

## III.  This Court Should Exercise Its Authority Under 28 U.S.C. § 2106 to Correct Mr. Arrington's Illegal Sentence

Even if this Court finds that Mr. Arrington's sentence cannot be remedied through Rule 36, another procedural vehicle allows this Court to correct his sentence. Courts of Appeals have broad authority under 28 U.S.C. § 2106 to fashion remedies for illegal sentences imposed by the district court. Mr. Arrington's illegally imposed imprisonment sentence and illegal consecutive terms of supervised release justify this Court's use of its authority to correct the sentence even if the district court did not have the power to do so.

   A.  *Section 2106, Broad in its Construction and Common Use, Grants Substantial Authority to This Court to Fashion a Remedy*

   The explicit language of 28 U.S.C. § 2106 vests federal appellate courts with broad authority to modify the judgments of lower courts in the interests of justice:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106.  The Supreme Court has declared that, in using § 2106, "the Court of Appeals has full power to go beyond the particular relief sought."  *Burks v. United States*, 437 U.S. 1, 9, 98 S. Ct. 2141, 2146 (1978).

   This Court views its authority under § 2106 broadly and has repeatedly invoked § 2106 to protect the liberty interests of criminal defendants.  For example, § 2106 may be used to modify a criminal conviction, reducing it to that of a lesser-included offense. *United States v. Brisbane*, 367 F.3d 910, 914-15 (D.C. Cir. 2004) (citing *Austin v. United States*, 382 F.2d 129, 142 (D.C. Cir. 1967) (overruled on other grounds)) (modifying sentence for insufficiency of the evidence on a "cocaine base" charge). This Court has also used § 2106 where other procedural alternatives were unavailable.  In *United States v. Rhodes*, 106 F.3d 429, 432 (D.C. Cir. 1997), for example, the Court noted that although the "literal terms" of the governing resentencing statute would not have permitted this Court

to order resentencing under the facts of that case, this did not compromise the
Court's ability to appropriately require resentencing of defendants because the case
was instead "controlled by 28 U.S.C. § 2106."

To be sure, § 2106 is an extraordinary remedy. *See Goland v. Central
Intelligence Agency*, 607 F.2d 339, 371–72 (D.C. Cir. 1978) (per curiam) (holding
that "extraordinary relief" under § 2106 was not warranted where "nothing . . .
suggest[ed] [] that the district court judgment was incorrect.").  But this Court has
exercised its authority in a variety of cases, regularly discussing the breadth of the
power conferred by statute.  Section 2106 is "intended to liberate our appellate
courts from . . . common law rules restricting their authority." *Austin*, 382 F.2d at
140 (citing *Ballew v. United States*, 160 U.S. 187, 198–99, 16 S.Ct. 263 (1895))
(overruled on other grounds).  Moreover, this Court may "not only [] correct error
in the judgment under review but [also] make such disposition of the case as
justice requires." *Morgan v. Garris*, 307 F.2d 179, 181 (D.C. Cir. 1962) (quoting
*Patterson v. Alabama*, 294 U.S. 600, 607, 55 S.Ct. 575) (internal quotation
omitted).

Nor is this Court alone in broadly interpreting the authority available under §
2106.  The Supreme Court, in *Rodriquez v. United States*, invoked § 2106 to
reverse the Ninth Circuit where that court relied on a procedural bar to deny a
criminal defendant the opportunity to perfect his appeal.  395 U.S. 327, 331, 89

S.Ct. 1715, 1718 (1969).  The Court held that it was "just under the circumstances"

to use its authority under § 2106 to order resentencing by the district court so that

petitioner could perfect his appeal.  *Id.*  Similarly, the Eleventh Circuit declared

that "the text of the statute grants the *broadest authority* to courts of appeals in

fashioning the remedy."  *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir.

2010) (emphasis added).   The court relied on the language of the statute to

demonstrate the authority conferred: "Indeed, we cannot imagine how the appellate

court's discretion could be framed more broadly."  *Id*; *see also United States v.

Jordan*, 895 F.2d 512, 515 (9th Cir. 1989) (distinguishing "between the *broad

powers* granted to the courts of appeals by 28 U.S.C. § 2106 and the *much

narrower powers* granted to the district courts by Rule 35." (emphasis added)).

Such broad framing of authority prioritizes just outcomes over procedural hurdles

and does so with regard to the difficulty of fashioning remedies for individual

cases.

       This Court has not conclusively decided whether relief under § 2106 is

available where relief in the district court has been foreclosed, but it has suggested

that it is.  In *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1243 (D.C. Cir.

1991), this Court used its authority under § 2106 to remand a case for

reconsideration where a prisoner's FOIA request was initially denied in the district

court.  An intervening decision resulted in the release of some of the requested

information, calling into question the district court's rationale. *Id.* This Court

remanded in "the interests of justice and fairness" for further consideration in light

of the changed circumstance *even though* a claim for relief under Federal Rule of

Civil Procedure 60(b), the standard mechanism for relief in the district court,

would have been time-barred. *Id.* Thus, § 2106 provides this Court with broad

authority to correct errors in the interest of justice.

### B. Exercise of Section 2106 Authority Is Appropriate in This Case

The broad discretion granted to this Court warrants the correction of Mr.

Arrington's sentence because both the imprisonment and supervised release terms

of the sentence fall outside the limits prescribed by statute. The district court held

that relief was foreclosed, citing the absence of an appropriate procedural vehicle

for a remedy. JA 68. This Court should exercise its discretion under 28 U.S.C. §

2106 to modify Mr. Arrington's illegal terms of supervised release and to remand

for resentencing as to Mr. Arrington's term of imprisonment.

This Court possesses broad authority under § 2106, but its use in this case

would not require the Court to take an overly expansive view of the power to

correct criminal sentences. Indeed, "'[i]f there is one rule in the federal criminal

practice which is firmly established, it is that the appellate court has no control

over a sentence which is within the limits allowed by a statute.'" *Coleman v.*

*United States*, 357 F.2d 563, 575 (D.C. Cir. 1965) (Tamm, J., dissenting) (quoting

*Gurera v. United States*, 40 F.2d 338, 340-341 (8th Cir. 1930)). Appellate courts seeking to modify judgments on the authority of § 2106 should only do so where the sentence being modified violated the relevant statute. As the Fifth Circuit explained in *United States v. Frontero*, 452 F.2d 406, 409 (5th Cir. 1971) (internal citation omitted), the "Court has no power to review the length of a sentence within the limits permitted by statute." Here, both the imprisonment sentence and the terms of supervised release fall outside of the limits prescribed by statute—the narrow facts of this case afford Mr. Arrington a remedy under § 2106 without compromising the finality of criminal sentencing. Mr. Arrington could not find relief in the district court, but this Court has the authority under § 2106 to correct his illegally imposed sentence.

>    1. The Court Should Correct the Error in Mr. Arrington's Term of Imprisonment

Section 2106 grants this Court the authority to correct Mr. Arrington's term of imprisonment because it was imposed in violation of federal law. The Second Circuit's use of § 2106 to correct an illegal sentence under very similar circumstances provides a persuasive model. In *United States v. Burd*, 86 F. 3d 285 (2d. Cir 1996), a criminal defendant filed a motion in the district court under Rule 36, seeking modification of a demonstrably illegal sentence in excess of the statutory maximum. The district court attempted to modify the sentence, but the Second Circuit held that the district court "lacked jurisdiction under Rule 36" to do

so.  *Id*. at 288.  The appellate court therefore vacated the amended judgment.  But rather than leaving in place the illegal original sentence, the appellate court remanded for resentencing, authorizing the district court to impose a corrected sentence.  *Id.*

The Second Circuit explained that its "refusal to countenance the original illegal sentence and [its] authority to remand for its correction, are grounded in [its] statutory authority" under 28 U.S.C. § 2106.  *Id.*  The court acknowledged "the awkwardness of requiring resort to the circuit court before the district court is empowered to correct an illegal sentence," but stated that "the district court's authority to fix [the] sentence once and for all stems from this court's review."  *Id.* at 289; *see also United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988) (citations omitted) (superseded on other grounds by statute) (noting that a district court's "authority to [resentence] must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.").  Here, for the reasons described in Section I.A, the imprisonment sentence at issue was not within the limits prescribed by statute.  It was an illegally imposed general sentence that either exceeds the statutory maximum or fails to affirmatively defeat the statutorily authorized presumption of concurrent sentencing.  As a result, it provides—as did the sentence in *Burd*—a compelling

case for application of § 2106.  This Court, like the Second Circuit in *Burd*, should

remand to the district court for resentencing.

> ## 2.  The Court Should Correct Mr. Arrington's Illegal Supervised Release Terms

The Government does not dispute that Mr. Arrington's consecutive terms of

supervised release are plainly illegal under 18 U.S.C. § 3624(e), and that this Court

has the authority to correct that error under § 2106.  JA 30.[11]  For the reasons

discussed in Section III.B.1, this Court should modify Mr. Arrington's supervised

release terms.  In addition, § 2106 is the appropriate remedy here because the

parties agree as to the illegality of the supervised release terms and the illegal

supervised release terms impinge on Mr. Arrington's substantial rights.

Section 2106 is an appropriate vehicle to remedy an illegal sentence,

especially where the parties agree the sentence is illegal.  As the Second Circuit

remarked upon modifying an illegal sentence under the authority of § 2106 in

*Burd*, 86 F. 3d at 288, "all parties agree[d]" that the "original sentence was illegal."

As in *Burd*, the interests of justice warrant modification of the sentence even if the

district court lacked authority to correct the error on its own.

Moreover, this Court has used § 2106 in criminal cases where the

---

[11] The Government raised the availability of § 2106 as a means for correcting this error in briefing before this Court. Appellate Docket Entry #25 at 8, 10.  "[T]here is precedent," the Government argued, "for this Court, should it see fit, to exercise its authority pursuant to 28 U.S.C. § 2106 to amend the Judgment." *Id.* at 10.

Government consents to adjustment of the sentence. *United States v. Melton*, 491 F.2d 45, 57 (D.C. Cir. 1973) ("We therefore exercise our power under 28 U.S.C. § 2106 (1970) to remand the case with instructions either to enter, if the Government consents, a judgment of conviction of unlawful entry or . . . to grant a new trial on the lesser offense.").  With regard to the illegality of the consecutive terms of supervised release, since there is agreement between the parties, § 2106 is an effective remedy for bringing that agreement into effect.

Mr. Arrington's illegal consecutive terms of supervised release, moreover, impinge on his substantial rights.  *See United States v. Burroughs*, 613 F.3d 233, 242 (D.C. Cir. 2010) (vacating "a plainly erroneous" condition of supervised release where "it impinge[d] upon the defendant's substantial rights in a way that seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.").  Mr. Arrington may be re-imprisoned if determined to have violated the terms of his supervised release, and if he receives any such imprisonment sentence, he would serve *more than the statutory maximum* for the crimes of which he was initially convicted.  *United States v. Williams*, No. 90-3221, 1995 WL 309988 (D.C. Cir. May 16, 1995) (unpub.); *United States v. Jamison*, 934 F.2d 371, 373 (D.C. Cir. 1991).  This Court's use of § 2106 can remedy the impact Mr. Arrington's illegal sentencing has had, and continues to have, on his substantial rights.

*C.  This Court Has the Authority to Adjust the Terms of Mr. Arrington's Sentence or, In the Alternative, To Remand to the District Court With Instructions to Do So*

This Court should exercise its authority to correct Mr. Arrington's illegal sentence.  Section 2106 grants appellate courts broad discretion to vacate, modify, or amend judgments.  Courts have regularly invoked § 2106 to require that sentences be adjusted according to the specifications of the appellate court rather than remanding for district court adjustment.  *Felder v. United States*, 543 F.2d 657, 671 (9th Cir. 1976) (citations omitted) ("[W]e have calculated these changes ourselves rather than remand for recalculation. In the circumstances of this case, we think we not only may but should take this procedural route. The authority for doing so is 28 U.S.C. s 2106  . . . ."); *see also United States v. Hermoso*, 484 F. App'x 970, 973 (5th Cir. 2012) ("The best reading of the statute confers discretion either to reform the judgment or to remand for the district court to do so. We choose the former.").  This Court is especially qualified to fashion a remedy without remand because the question presented—the illegality of a sentence—is a pure question of law.  *Gray v. Lucas*, 677 F.2d 1086, 1103 (5th Cir. 1982) (citing 28 U.S.C. § 2106).  And this Court has held that remand is not required where the record needs no further development on the relevant question and the Court may resolve the issue under the authority granted it by § 2106.  *Kosty v. Lewis*, 319 F.2d 744, 748–49 (D.C. Cir. 1963).

37

In the alternative, this Court should remand to the district court with instructions to modify the sentence in a manner consistent with this Court's holding that Mr. Arrington's sentence is illegal.  *See Cephus v. United States*, 352 F.2d 663, 664 n.1 (D.C. Cir. 1965) (citing 28 U.S.C. § 2106) (remanding to district court to correct judgment where finding a clerical error); *United States v. Kennedy*, 682 F.3d 244, 252–53 (3d Cir. 2012) ("[T]he trial court must proceed in accordance with the mandate and the law of the case as established on appeal."). Even if the district court would not have had authority to resentence prior to the appellate decision, if this Court concludes that the sentence was "imposed in violation of law," it may remand, at which time the district court "shall resentence" Mr. Arrington "in accordance with . . . such instructions" as this Court may choose to give.  18 U.S.C. § 3742.

## CONCLUSION

For the foregoing reasons, undersigned *amicus* respectfully requests that this court, pursuant to 28 U.S.C. § 2106, remand this case to the district court for resentencing as to Mr. Arrington's imprisonment term.  *Amicus* also respectfully requests that this court either modify Mr. Arrington's sentence such that the terms of supervised release run concurrently or remand to the district court for resentencing as to Mr. Arrington's supervised release.  In the alternative, *amicus* respectfully requests that this court reverse the district court's denial of Mr.

Arrington's Motion to Amend Judgment and Commitment Order and remand to

the district court for amendment of the terms of supervised release pursuant to

Federal Rule of Criminal Procedure 36.

                                        Respectfully Submitted,


_____          _____
Erica Hashimoto                           Ben Thorpe
Amicus in Support of Appellant            Third Year Law Student
Associate Professor,                      University of Georgia School of Law
Appellate Litigation Clinic               Appearing as Amicus in Support
University of Georgia School of Law        of Appellant pursuant to Rule 46(g)
Herty Drive
Athens, GA  30602-6012
(706) 542-5098


_____
Dennis Vann
Third Year Law Student
University of Georgia School of Law
Appearing as Amicus in Support
of Appellant pursuant to Rule 46(g)


Date:  October 1, 2013

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and D.C. Cir. R. 32(a) because it contains 9341 words, excluding the parts of the brief exempted by D.C. Cir. R. 32(a)(1) and the redacted portions of the brief.

_____
Erica Hashimoto

## CERTIFICATE OF SERVICE

I, Erica Hashimoto, certify that on October 1, 2013, a copy of the Public Version of

the Brief of Amicus Curiae in Support of Appellant was served by means at least

as expeditious as United States mail, postage prepaid on:

Mr. Derrek Arrington
Reg. No. 23388-016
USP Canaan
P.O. Box 300
Waymart, PA  18472

Suzanne Grealy Curt, Assistant United States Attorney
Elizabeth Trosman, Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

And were served the same date via the Court's Electronic Filing System on:

Elizabeth Trosman and Suzanne Grealy Curt, U.S. Attorney's Office.


_____

Erica Hashimoto
Associate Professor,
Appellate Litigation Clinic
University of Georgia School of Law
Herty Drive
Athens, GA  30602-6012